**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-30287

_____

STANLEY BRADLEY,

Plaintiff-Appellant,

VERSUS

HAMMONDS, CAPT.; BILLY GRAVES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(96-CV-2171-S)

_____

September 22, 1998

Before KING, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Bradley is a Louisiana state prisoner. Graves and Hammonds work at the prison in which Bradley is kept. Bradley tells the following story: In August 1996, Graves and Hammonds approached Bradley seeking information about other prisoners' misconduct. They said that if Bradley did not "come clean," they would lock him up on trumped-up disciplinary charges. Bradley refused to snitch. Shortly thereafter, in a disciplinary report, Bradley was deemed a "threat to security" and placed in administrative segregation. After six days, the charges against him were dismissed by a disciplinary board, and he was released from administrative segregation.

II.

Bradley filed suit _pro se_, _in forma pauperis_, against Graves and Hammonds, alleging that they had violated his due process and Eighth Amendment rights. The magistrate judge recommended that

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bradley's complaint be dismissed as frivolous, and the district court adopted that recommendation. We affirm.

## III.

## A.

We review the district court's dismissal under 28 U.S.C. § 1915 for abuse of discretion. *Denton v. Hernandez*, 504 U.S. 25, 31-34 (1992). A complaint is frivolous if it is based on an "indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## B.

Bradley's claim that he was placed in administrative segregation without due process fails to state a constitutional claim, as he had no cognizable interest of which he was deprived, with or without process. Prisoners have no inherent liberty or property interest in remaining outside administrative segregation, so long as that punishment does not alter the duration of their confinement. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).[*] Administrative segregation is "an incident to ordinary life as a prisoner, [and] will never be a ground for a constitutional claim." *Pichardo v. Kinker*, 73 F.3d 612 (5th Cir. 1996). Bradley's due process claim is frivolous.

## IV.

For conditions of confinement to rise to the level of an Eighth Amendment violation, they must "be cruel and unusual under contemporary standards." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Indicia of confinement constituting cruel and unusual punishment include "wanton and unnecessary infliction of pain," conditions "grossly disproportionate to the severity of the crime," and deprivation of "the minimal civilized measure of life's necessities." *Id*. at 346-47.[**]

---

[*] State law or regulations may give rise to such a liberty interest, *see Hewitt*, 459 U.S. at 469-72, but such is not the situation here.

[**] S*ee also, e.g., Gregg v. Georgia*, 428 U.S. 153, 183 (1976) (pain inflicted "totally without penological (continued...)

The discomfort or inconvenience suffered by prisoners placed in administrative confinement does not approach this level. "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offense against society." *Rhodes*, 452 U.S. at 347. Bradley's Eighth Amendment claim was properly dismissed as frivolous.

V.

Bradley makes two claims stemming from the alleged false disciplinary report. First, he claims that the report itself, something like a malicious prosecution, is a constitutional violation. Next, he avers that the false report was trumped up in retaliation for his exercise of his constitutional right to avoid self-incrimination. Both assertions are frivolous.

A.

We have found a prisoner's "false disciplinary report" claim to be "indistinguishable from a malicious prosecution claim," *Ordaz v. Martin*, No. 93-4170 (5th Cir. Sept. 15, 1993) (unpublished),[***] and we have recognized actions under 42 U.S.C. § 1983 for malicious prosecution based on the underlying constitutional right to be free from prosecution without probable cause, *see Sanders v. English*, 950 F.2d 1152, 1159 (5th Cir. 1992); *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988). In this context, however, that underlying right does not apply: The sort of probable cause determination required for the population at large, *see Gerstein v. Pugh*, 420 U.S. 103 (1975), "is inapposite in the prison context," *Hewitt*, 459 U.S. at 475. Rather, a prisoner may be labeled a "threat to security," charged with a disciplinary violation, or placed in administrative segregation, all without any "inquiry requiring elaborate procedural safeguards." *Id.*

All that is required for the administrative segregation of prisoners pending a disciplinary hearing is "an informal, nonadversary evidentiary review" taking the form of oral or written notice of the charges to the inmate, with some opportunity for the prisoner to present his views. *Id*. at 476.

---

(...continued)
justification"); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989).

[***] There, however, the disciplinary report was not even arguably "false," for the prisoner lost at his disciplinary proceeding.

Nowhere does Bradley claim that he failed to receive this minimal review. There being no factual basis for the "false disciplinary report" claim, the district court did not abuse its discretion by dismissing the allegation as frivolous.

B.

Bradley alleges that Graves and Hammonds "violated [his] rights to self incrimination when they tried to force him to admit to actions he was not aware of." Construing this allegation as an assertion of his Fifth Amendment right not "to be compelled in any criminal case to he a witness against himself," we agree nonetheless that this claim is frivolous.

In his complaint, Bradley makes explicit that the "wrongful acts" about which Hammonds and Graves sought information were "illegal activities of other prisoners," rather than anything Bradley had done. It is well settled that the Fifth Amendment's protection against self-incrimination is purely personal and may not be asserted on behalf of third parties. *See, e.g. California Bankers Ass'n v. Schultz*, 416 U.S. 21, 55 (1974). Bradley therefore may not assert the Fifth Amendment in order to refuse to disclose the "illegal activities of other prisoners."

Furthermore, by its terms, the privilege against self-incrimination applies only in criminal proceedings. Thus, even where authorities coerce individuals into making self-incriminating statements, such coercion violates the Constitution only if the statements are used at trial. *See, e.g., United States v. Fortna*, 796 F.2d 724, 732 (5th Cir. 1986). Bradley's Fifth Amendment claim has no basis in law or fact, and the district court properly dismissed it as frivolous.

AFFIRMED.